UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT J. HUGHES | CIVIL ACTION |
| VERSUS | NO. 11-494 |
| SHAW ENVIRONMENTAL, INC., ET AL | SECTION "N" (2) |

## **ORDER AND REASONS**

Before the Court are the motions in limine, filed by plaintiff (Rec. Doc. 56) and defendant (Rec. Doc. 58) each, seeking to exclude the other's expert. Specifically, plaintiff seeks to offer the expert testimony of Kenneth A. Kaigler, offered as a "liability expert." The defendant's expert, Douglas Halsey, offers an expert opinion critiquing Kaigler's use of OSHA regulations, which Halsey contends do not apply to the factual circumstances of this case. In reply, plaintiff admits that those OSHA regulations do not apply, but are rather illustrative. Plaintiff further contends that Kaigler never said that the OSHA rules and regulations are applicable or binding upon Shaw in this situation.

The Court has carefully reviewed both expert reports, and determines that, for the most part, neither will be helpful at trial. Given that the OSHA regulations cited by Mr. Kaigler do not apply and thus cannot support an argument that they have been violated, there is no need for him to offer opinions based thereon; and certainly no need for Mr. Halsey to respond to such assertions.

1

Both experts, however, may testify as to "industry practice"; however, that testimony shall be limited to the proper operation of the subject vessel(s) and customary practices of marine safety, personnel responsibility, and proper operation. The Court notes that neither report provides any in-depth analysis other than a few statements along these lines, and urges counsel to carefully review the reports in order to determine whether such expert testimony is truly necessary. On the showing made, the Court is inclined to believe that such testimony can be related through other witnesses, and probably falls within the common experience such that expert testimony is not needed.

For the above stated reasons, **IT IS ORDERED** that these two motions in limine are **GRANTED IN PART** and **DENIED IN PART** accordingly.

New Orleans, Louisiana, this 12th day of March, 2012.

**KURT D. ENGELHARDT**
**United States District Judge**